IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOBLOS'S INC., DBA TRINO'S LOUNGE and PABLO SANCHEZ,

    Plaintiffs,

  v.

THE BURLINGTON INS. CO. and DOES 1 to 50 Inclusive,

    Defendants.
_____/

No. Civ. S-07-894 RRB DAD

**Memorandum of Opinion and Order**

    Boblos, Inc., dba Trino's Lounge and Pablo Sanchez (collectively "Plaintiffs") filed a state action against Burlington Insurance Company ("Burlington") alleging that Burlington improperly refused to defend and indemnify Plaintiffs from an action arising out of an alleged assault by Plaintiffs' agents and/or employees at Trino's Lounge. Burlington removed this action to federal court on the basis of diversity. Burlington now seeks dismissal of Plaintiffs' fraud cause of action for failure to state a claim under Federal Rule of Civil

Procedure section 12(b)(6). For the following reasons, the Court GRANTS the motion to dismiss.[1]

## I. BACKGROUND

Plaintiffs own and operate Trino's Lounge, a bar/restaurant located in Sacramento County. Complaint ¶ 3. Plaintiffs purchased insurance policies from Burlington covering the operations of Trino's Lounge. Id. ¶¶ 5-6.

On or about September 14, 2003, Domonick Robles ("Robles"), a patron of Trino's Lounge, was allegedly injured following an altercation with agents/employees of Trino's Lounge. Comp. ¶ 7. Mr. Robles subsequently filed an action against Plaintiffs in Sacramento Superior Court, alleging negligence and intentional tort claims. Id. Plaintiffs tendered defense of this action to Burlington. Id. ¶ 8.

After an alleged investigation, Burlington denied coverage and informed Plaintiffs that it would not provide a defense under a reservation of rights. Comp. ¶ 8. Plaintiffs then

---

[1] Inasmuch as the Court concludes the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, it further concludes oral argument is neither necessary nor warranted with regard to the instant matter. See Mahon v. Credit Bureau of Placer County, Inc., 171 F.3d 1197, 1200 (9th Cir. 1999)(explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required). **As a result, the oral argument presently scheduled for Wednesday, July 25, 2007, at 10:00 a.m., see Docket 6, is hereby VACATED.**

2

filed this action alleging: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; and (3) fraud. Id. ¶¶ 1-34.  Specifically, Plaintiffs allege that Burlington breached its duties under the relevant insurance policies by failing to investigate, defend, and pay the reasonable value of covered claims.  Comp. ¶ 10.  Further, Plaintiffs allege that Burlington breached its duties under the policies by making false and misleading statements relating to their duties, obligations, and actions taken pursuant to the terms of the policies.  Id.

    Burlington now moves to dismiss Plaintiffs fraud cause of action on the ground that it does not state a claim for relief.

**II. DISCUSSION**

    **A. Legal Standard**

    "A Rule 12(b)(6) motion tests the legal sufficiency of a claim.  A claim may be dismissed only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal pursuant to Rule 12(b)(6) is appropriate where there is no cognizable legal theory or there is an absence of sufficient facts alleged to support a cognizable legal theory.  <u>Id</u>.  The issue is not whether a plaintiff is likely to succeed on the merits but rather whether the claimant is entitled to proceed beyond the

threshold in attempting to establish his or her claims. De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978).

In considering a Rule 12(b)(6) motion, the allegations in the complaint must be construed in the light most favorable to the plaintiff, Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995), and the court accepts all material allegations as true, as well as all reasonable inferences to be drawn from them. Navarro, 250 F.3d at 732; Pareto v. FDIC., 139 F.3d 696, 699 (9th Cir. 1998). However, a court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Nor do courts assume the truth of legal conclusions merely because they are cast in the form of factual allegations, Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981), or that a plaintiff can prove facts different from those it has alleged. Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters, Inc., 459 U.S. 519, 526 (1983).

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc., 806

F.2d 1393, 1401 (9th Cir. 1986); see Thinket Ink Information Resources, Inc. v. Sun Micorsystems, Inc., 368 F.3d 1053, 1061 (9th Cir. 2004.) (leave to amend should be granted unless amendment would be futile, i.e., the complaint can not be saved by amendment.

**B.   Motion to Dismiss**

Burlington seeks to dismiss Plaintiffs' fraud cause of action for failure to state a claim.

In diversity cases, federal courts will look to state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action.  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003).  However, in state-law causes of action, federal courts will follow Rule 9(b)'s requirement that the circumstances of the fraud must be stated with particularity.  Id.[2]  Rule 9(b) imposes a heightened pleading requirement for fraud allegations in order to safeguard defendant's reputation and goodwill from improvident charges of wrongdoing.  Id. at 1104.

Under California law, "'[t]he elements of fraud are:  (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3)

---

[2]  Rule (b) states that "[in] all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

5

intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage.'" County of Santa Clara v. Atlantic Richfield Co., 137 Cal. App. 4th 292, 329 (2006) (quoting Robinson Helicopter Co. v. Dana Corp., 34 Cal. 4th 979, 990 (2004).

"Federal Rule of Civil Procedure 9(b) requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir. 1991). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vees v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). "'[A] plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.'" Id. (emphasis in original) (quoting In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), superseded by statute on other grounds as stated in Marksman Partners, L.P. v. Chantal Pharm. Corp., 927 F. Supp. 1297, 1309 (C.D. Cal. 1996). "Rule 9(b) 'requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations.'" Schreiber Distributing Co., 806 F.2d at 1400.

Burlington argues that Plaintiffs' fraud cause of action should be dismissed because it is not plead with reasonable particularity insofar as it fails to specifically identify: (1) who made the allegedly fraudulent statements; (2) what statements constitute fraud; (3) when the statements were made; and (4) how the statements were communicated.

Plaintiffs allege the following with respect to their fraud cause of action: (1) they purchased written insurance polices from Burlington with the belief – via statements by Burlington's agents and written documents – that Burlington would comply with its contractual obligations and duties as well as California law; (2) they reasonably relied upon these representations in obtaining the policies, including representations regarding the company's reputation for honesty, integrity and fair claims practices; (3) Burlington made false and misleading statements in denying coverage and a defense, including asserting that it thoroughly investigated the claim and determined that it had no legal duty or obligation and that it was knowledgeable of California law and would deal fairly with Plaintiffs; and (4) as a result of Burlington's false and misleading statements, it suffered, among other things, damages in the form of a $118,000 judgment. Complaint ¶¶ 25-30.

Based on the foregoing, the Court concludes that the Plaintiffs' fraud allegations fail to satisfy the particularity

requirements of Rule (9)(b).  More specifically, the Court concludes that the fraud allegations lack sufficient particularity as to the time, place, and manner of each act of fraud, plus they fail to identify the role of Burlington in each scheme.  In short, Plaintiffs have failed to plead a specific description of the representations made, who made them,[3] when and where they were made and how or why they were false and misleading.  Such pleading is inadequate to meet the heightened pleading requirements for fraud allegations under Rule 9(b).

**III. CONCLUSION**

For these reasons, the Court **GRANTS** the motion to dismiss with leave to amend.  Plaintiffs have 30 days to amend.

ENTERED this 16th day of July, 2007.

```
                              s/RALPH R. BEISTLINE
                              UNITED STATES DISTRICT JUDGE
```

---

[3] Here, to the extent that Plaintiffs have alleged that representations were made by statements of "agents," such representations are insufficient to satisfy Rule 9(b).  <u>See Celador Intern. Ltd. v. Walt Disney Co.</u>, 347 F. Supp. 2d 846, 854 (C.D. Cal. 2004) (holding that in the context of fraud it is insufficient to identify the speaker as 'Representatives of ABC and BVT' because it does not place defendant on notice as to who in their organization may have made the statements).

8