1

2

3

4

IN THE UNITED STATES DISTRICT COURT

5

FOR THE EASTERN DISTRICT OF CALIFORNIA

6

BOBLOS'S INC., DBA TRINO'S          No. Civ. S-07-894 RRB DAD
LOUNGE and PABLO SANCHEZ,

7

**Memorandum of Opinion
and Order**

8

          Plaintiffs,

9

     v.

10

THE BURLINGTON INS. CO. and
DOES 1 through 50 inclusive,

11

12

          Defendants.

13

_____/

14

     Boblo's, Inc., dba Trino's Lounge and Pablo Sanchez

15

(collectively "Plaintiffs") filed a state action against

16

17

Burlington Insurance Company ("Burlington") alleging that

18

Burlington wrongly refused to defend and indemnify Plaintiffs in

19

an action arising out of an altercation between agents and/or

20

employees of Trino's Lounge and one of their patrons.

21

Burlington removed the action to federal court on the basis of

22

23

diversity.  Burlington now moves to dismiss the second, third,

24

fourth, fifth, sixth, seventh, eighth and ninth claims for

25

relief alleged in the First Amended Complaint ("FAC") for

26

27

28

1

failure to state a claim under Rule 12(b)(6).  For the following

reasons, the motion is GRANTED in part and DENIED in part.[1]

## I. BACKGROUND

Plaintiffs own and operate Trino's Lounge, a bar/restaurant located in Sacramento County.  FAC ¶ 3.  Plaintiffs purchased a liability insurance policy from Burlington covering the operations at Trino's Lounge.  Id. ¶¶ 5,7.  On or about September 14, 2003, Domonick Robles ("Robles"), a patron of Trino's Lounge, was injured following an altercation with agents and/or employees of Trino's Lounge.  Id. ¶ 9.  Mr. Robles subsequently filed an action against Plaintiffs in Sacramento Superior Court, alleging negligence and intentional tort claims. Id.  Plaintiffs tendered defense of this action to Burlington but, after a purported investigation, Burlington denied coverage and informed Plaintiffs that it would not provide a defense under a reservation of rights.  Id. ¶ 10.

On or about April 12, 2007, Plaintiffs filed a state action in Sacramento Superior Court, Notice of Removal ¶ 1, alleging

---

[1] Inasmuch as the Court concludes the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, it further concludes oral argument is neither necessary nor warranted with regard to the instant matter.  See Mahon v. Credit Bureau of Placer County, Inc., 171 F.3d 1197, 1200 (9th Cir. 1999)(explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required).

the following claims: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) fraud. Compl. ¶¶ 1-34.  On May 11, 2007, Plaintiffs removed the action to federal court on the basis of diversity.  Notice of Removal ¶¶ 4-8.   On May 17, 2007, Burlington moved to dismiss Plaintiffs' fraud claim for failure to state a claim for relief under Rule 12(b)(6).  Mot. to Dismiss at 3-11.  On July 20, 2007, Burlington's motion was granted under Rule 9(b) for failure to plead averments of fraud with particularity.  Docket at 10.

On August 17, 2007, Plaintiffs filed an amended Complaint alleging the following claims: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) tortious or bad faith refusal to provide benefits and services due under an insurance contract; (4) tortious or bad faith refusal to pay benefits due under an insurance policy; (5) breach of fiduciary duty; (6) intentional interference with protective property interest; (7) intentional infliction of emotional distress; (8) deceit; and (9) declaratory relief.  FAC ¶¶ 1-54.  Burlington now moves to dismiss each and every claim in the FAC, except the breach of contract claim, pursuant to Rule 12(b)(6).  Mot. to Dismiss 2-17.

## II. DISCUSSION

### A. Rule 12(b)(6)

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim.  A claim may be dismissed only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal pursuant to Rule 12(b)(6) is appropriate where there is no cognizable legal theory or there is an absence of sufficient facts alleged to support a cognizable legal theory.  Id.  The issue is not whether a plaintiff is likely to succeed on the merits but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his or her claims.  De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978).

In considering a Rule 12(b)(6) motion, the allegations in the complaint must be construed in the light most favorable to the plaintiff, Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995), and the court accepts all material allegations as true, as well as all reasonable inferences to be drawn from them.  Navarro, 250 F.3d at 732; Pareto v. FDIC., 139 F.3d 696, 699 (9th Cir. 1998).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.  Sprewell v. Golden State Warriors, 266

4

F.3d 979, 988 (9th Cir. 2001). Nor do courts assume the truth of legal conclusions merely because they are cast in the form of factual allegations, Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981), or that a plaintiff can prove facts different from those it has alleged. Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters, Inc., 459 U.S. 519, 526 (1983).

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986); see Thinket Ink Information Resources, Inc. v. Sun Micorsystems, Inc., 368 F.3d 1053, 1061 (9th Cir. 2004) (leave to amend should be granted unless amendment would be futile, i.e., the complaint can not be saved by amendment).

**B.  Motion to Dismiss**

Burlington seeks to dismiss each and every claim in the FAC, except the breach of contract claim, pursuant to Rule 12(b)(6). Plaintiffs' claims are discussed individually below.

**1.   Breach of the Implied Covenant of Good Faith and Fair Dealing**

Burlington argues that dismissal of this claim is appropriate because Plaintiffs did not allege that Burlington acted unreasonably or in bad faith in withholding benefits under the policy.

"Every contract imposes on each party an implied duty of good faith and fair dealing," which mandates that "neither party will do anything which will injure the right of the other to receive the benefits of the agreement." Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co., 90 Cal. App. 4th 335, 345 (2001) (quotation marks omitted); Amadeo v. Principal Mut. Life Ins. Co. 290 F.3d 1152, 1158 (9th Cir. 2002). All insurance contracts include the implied covenant of good faith and fair dealing. See Century Surety Co. v. Polisso, 139 Cal. App. 4th 922, 948 (2006). "When the insurer engages in unreasonable conduct in connection with an insured's insurance claim, the insurer is said to have tortiously breached the implied covenant." Id.

In the context of insurance contracts, "the insurer's responsibility to act fairly and in good faith with respect to the handling of the insured's claim is not the requirement mandated by the terms of the policy itself--to defend, settle, or pay, but rather, to act fairly and in good faith in

discharging its contractual responsibilities." <u>Chateau Chamberay</u>, 90 Cal. App. 4th at 346 (quotation marks omitted). "'Thus, allegations which assert such a claim must show that the conduct of the defendant, whether or not it also constitutes a breach of a consensual contract term, demonstrates a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement.'" <u>Id.</u>

In the present case, Plaintiffs' claim of bad faith is premised upon Burlington's failure to timely and properly investigate and defend the underlying action. FAC ¶ 21. The ultimate test of bad faith liability is whether the refusal to pay policy benefits was unreasonable. <u>Chateau Chamberay</u>, 90 Cal. App. 4th at 346; <u>Amadeo</u>, 290 F.3d at 1161. "Tort liability for an insurer's breach of the implied covenant of good faith and fair dealing arises when the insurer unreasonably and in bad faith withholds payment of the insured's claim." <u>Benavides v. State Farm General Ins. Co.</u>, 136 Cal. App. 4th 1241, 1249 (2006). To establish an implied covenant tortious breach, an insured must show that: (1) benefits were due under the policy, and (2) that the benefits were withheld without proper cause.

Id. at 1250. "'[A]n insurer cannot reasonably and in good faith deny payments to its insured without fully investigating the grounds for its denial.'" Id.; Frommoethelydo v. Fire Ins. Exchange, 42 Cal. 3d 208, 215 (1986); Egan v. Mutual of Omaha Ins. Co., 24 Cal. 3d 809, 818-19 (1979); see Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc., 78 Cal. App. 4th 847, 879-80 (2000) (the covenant of good faith and fair dealing entails a duty to investigate properly submitted claims and the adequacy of the investigation is one of the most critical factors bearing on the insurer's good faith). Thus, an insurer's breach of the implied covenant of good faith and fair dealing is established if an insurer fails to properly investigate an insured's claim. Egan, 24 Cal. 3d at 819; see Jordan v. Allstate Ins. Co., 148 Cal. App. 4th 1062, 1074 (2007) (where an insurer denies coverage but a reasonable investigation would have disclosed facts showing the claim was covered, the insurer's failure to investigate breaches its implied covenant).

In the instant case, the allegations in the FAC are sufficient to state a claim for breach of the implied covenant of good faith and fair dealing. The FAC alleges that Burlington had a duty under the policy to investigate and defend the underlying claim and that it breached this duty by failing to properly and timely investigate and defend such claim. Thus, the FAC effectively alleges that Burlington breached the implied

covenant by withholding policy benefits without properly investigating Plaintiffs' claim, i.e., Burlington breached the implied covenant by withholding policy benefits without proper cause. Such allegations are sufficient to survive a motion to dismiss.

For this reason, dismissal is not warranted with respect to this claim.

## 2. Bad Faith Refusal to Provide Benefits

Burlington argues that Plaintiffs' third,[2] fourth[3] and sixth claims[4] for relief should be dismissed because the allegations supporting these claims are duplicative of the bad faith alleged in the implied covenant claim.

Although Plaintiffs' third and fourth claims for relief are styled as claims for "Bad Faith Refusal To Provide Benefits And Services Due Under Insurance Policy" and "Bad Faith Refusal To Pay Benefits Due Under Insurance Policy," these claims are more appropriately evaluated as claims for tortious breach of the implied covenant of good faith and fair dealing. See Hand v.

---

[2] Plaintiffs' third claim for relief is titled "Tortious Or Bad Faith Refusal To Provide Benefits And Services Due Under Insurance Policy."

[3] Plaintiffs' fourth claim for relief is titled "Tortious Or Bad Faith Refusal To Pay Benefits Due Under Insurance Policy."

[4] Plaintiffs' sixth claim for relief is titled "Intentional Interference With Protective Property Interest."

_Farmers Ins. Exchange_, 23 Cal. App. 4th 1847, 1854-55 (1994). Similarly, although Plaintiffs' sixth cause of action is styled as a claim for "Intentional Interference With Protective Property Interest," it is more appropriately evaluated as a claim for tortious breach of the implied covenant of good faith and fair dealing. This is because "'tortious interference with a protected property interest' is understood as a constituent component of the tort of breach of the covenant of good faith and fair dealing, rather than an independent cause of action. _Valley Air Conditioning & Repair, Inc. v. Beneficial Life Ins. Co._, 2007 WL 2758018, * 3 (E.D. Cal. 2007).

For these reasons, Plaintiffs' third, fourth and sixth claims for relief are dismissed.

**3. Breach of Fiduciary Duty**

Burlington argues that dismissal of this claim is appropriate because California does not recognize a cause of action for breach of fiduciary duty arising out of the insurer-insured relationship.

The insurer-insured relationship is not a true fiduciary relationship; rather, it is a relationship often characterized by unequal bargaining power in which the insured must depend on the good faith and performance of the insurer. _Vu v. Prudential Property & Casualty Ins. Co._, 26 Cal. 4th 1142, 1150-51 (2001). "This characteristic has led the courts to impose special and heightened' duties, but [w]hile these special duties are akin

to, and often resemble, duties which are also owed by fiduciaries, the fiduciary-like duties arise because of the unique nature of the insurance contract, *not* because the insurer *is* a fiduciary." Id. at 1151 (quotation marks omitted, emphasis in original); see Tran v. Farmers Group, Inc., 104 Cal. App. 4th 1202, 1212 (2002) (observing that California courts have refrained from characterizing the insurer-insured relationship as a fiduciary one and that an insurer's breach of its "fiduciary-like duties" is adequately redressed by a claim for breach of the covenant of good faith and fair dealing implied in the insurance contract); see also Solomon v. North American Life & Cas. Ins. Co., 151 F.3d 1132, 1138 (9th Cir. 1998) (holding that while the insurer-insured relationship is fiduciary in nature, it does not provide for an independent action for common law breach of fiduciary duty).

Accordingly, because the insurer-insured relationship does not provide for an independent cause of action for breach of fiduciary duty, this claim is dismissed. See Almon v. State Farm Fire & Cas. Co., 724 F. Supp. 765 (S.D. Cal. 1989) ("California law does not recognize an action for breach of fiduciary duty between an insured and an insurer."); see also Valley Air Conditioning & Repair, 2007 WL 2758018 at * 2.

### 4. Intentional Infliction of Emotional Distress

Defendant argues that dismissal of this claim is appropriate because the FAC does not allege that Burlington

committed acts that were "so extreme as to exceed all bounds of that usually tolerated in a civilized community."[5]

"The elements of a prima facie case for the tort of intentional infliction of emotional distress are: (1) outrageous conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Fletcher v. Western National Life Ins. Co., 10 Cal. App. 3d 376, 394 (1970); Ross v. Creel Printing & Publishing Co., 100 Cal. App. 4th 736, 744-45 (2002). To support a claim for intentional infliction of emotional distress against an insurer, the plaintiff must allege conduct exceeding all bounds usually tolerated by a decent society especially calculated to cause mental distress of a very serious kind. Christensen v. Superior Court, 54 Cal. 3d 868, 904-05 (1991). Mere "delay or denial of insurance claims is not sufficiently outrageous to state a cause of action for intentional infliction of emotional distress." Coleman v. Republic Indem. Ins. Co., 132 Cal. App. 4th 403, 417 (2005).

---

[5] This claim is only alleged against Burlington by Pablo Sanchez.

12

In the present case, the FAC alleges that Burlington knew that Plaintiffs were relying upon the benefits owed under the policy and that Burlington acted outrageously, with the intent of inflicting severe emotional distress, by wrongfully withholding these benefits.   Such pleading is insufficient to state a claim for intentional infliction of emotional distress. This is because the conduct alleged is not the type of conduct that is so outrageous that it exceeds all bounds of that usually tolerated by a civilized community.   Additionally, the pleading in this regard is deficient because there is no allegation that Pablo Sanchez suffered severe or emotional distress.

For these reasons, this claim is dismissed.

**5. Deceit**

Burlington argues that dismissal of this claim is appropriate because the fraud allegations in the FAC do not satisfy the heightened pleading requirements of Rule 9(b).

In diversity cases, federal courts will look to state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action.   Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003).   However, in state-law causes of action, federal courts will follow Rule 9(b)'s requirement that the circumstances of the fraud must be

stated with particularity.  <u>Id.</u>[6]  Rule 9(b) imposes a heightened pleading requirement for fraud allegations in order to safeguard defendant's reputation and goodwill from improvident charges of wrongdoing.  <u>Id.</u> at 1104.

Under California law, "'[t]he elements of fraud, which give rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.'"  <u>Lazar v. Superior Court</u>, 12 Cal. 4th 631, 638 (1996); <u>Small v. Fritz Companies, Inc.</u>, 30 Cal. 4th 167, 173 (2003); <u>City Solutions, Inc. v. Clear Channel Communications</u>, 365 F.3d 835, 839 (9th Cir. 2004).  Promissory fraud is a subspecies of fraud and deceit and where a promise is made without the intention to perform, there is an implied misrepresentation of fact that may be actionable fraud.  <u>Lazar</u>, 12 Cal. 4th at 638.  "An action for promissory fraud may lie where a defendant fraudulently induces the plaintiff to enter into a contract."  <u>Id.</u>

---

[6]  Rule 9(b) states that "[in] all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

"Federal Rule of Civil Procedure 9(b) requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir. 1991). Allegations of fraud should specifically include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007); see Vees v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged"). In alleging fraud, "'a plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.'" Id. (emphasis in original) (quoting In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), superseded by statute on other grounds as stated in Marksman Partners, L.P. v. Chantal Pharm. Corp., 927 F. Supp. 1297, 1309 (C.D. Cal. 1996)). "Rule 9(b) 'requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations.'" Schreiber Distributing Co., 806 F.2d at 1400; Swartz, 476 F.3d at 764.

Burlington argues that the allegations in the FAC are insufficient to support a cognizable claim for deceit because the circumstances of deceit are not pled with particularity as required by Rule 9(b).  The court agrees.  The allegations in the FAC are insufficient to state a claim for deceit because there is no account of the time, place, and specific content of the false or misleading representations.  Nor do the allegations sufficiently identify who actually made the representations or explain why such representations were false or misleading. Rather, the allegations refer generally to "defendants" without attributing any specific misconduct to Burlington and simply state that at the time the insurance policy was issued, "defendants" made promises to provide benefits to Plaintiffs, which "defendants" had no intention of performing.  Such pleading is insufficient to satisfy the heightened pleading requirements of Rule 9(b).  For these reasons, this claim is dismissed.

### 6.  Declaratory Relief

Defendant argues that dismissal of this claim is appropriate because the issues raised therein will be resolved by the breach of contract claim.

28 U.S.C.A. § 2201(a) states, in relevant part, that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of

any interested party seeking such declaration, whether or not further relief is or could be sought.    Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."    "[W]hen other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract ... ), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief." American Cas. Co. of Reading, Pennsylvania v. Krieger, 181 F.3d 1113, 1119 (9th Cir. 1999); Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998); Snodgrass v. Provident Life and Acc. Ins. Co., 147 F.3d 1163, 1167 (9th Cir. 1998).

For this reason, dismissal is not warranted with respect to this claim.

### III. CONCLUSION

For the reasons stated above, the motion to dismiss is GRANTED in part and DENIED in part.  Dismissal is DENIED with respect to Plaintiffs' second and ninth claims for relief and is GRANTED with respect to Plaintiffs' third, fourth, fifth, sixth, seventh and eighth claims for relief.  While Plaintiffs have the option of moving to amend to address issues raised herein, the Court is not inclined to permit duplicative pleadings wherein

the same essential claims are made under different theories unless some basis therefore can be established.

**IT IS SO ORDERED.**

ENTERED this 24th day of October, 2007.

s/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE